## COLLINS v. CITY OF WATERVLIET.

(Supreme Court, Appellate Division, Third Department. January 6, 1909.)

MUNICIPAL CORPORATIONS (§ 821*) — DEFECTIVE STREETS—INJURIES TO PEDESTRIANS—NEGLIGENCE—EVIDENCE.

In an action for injuries to a traveler on a defective highway, evidence *held* not to justify the submission to the jury of the issue whether defect consisted of a depression, hole, or washout in the highway extending into the ordinarily traveled path.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 821.*]

Appeal from Trial Term, Albany County.

Action by James E. Collins against the City of Watervliet. From a judgment for plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Albert J. Danaher (John T. McDonough, of counsel), for appellant.

Thomas F. Powers, for respondent.

JOHN M. KELLOGG, J. When the city of Watervliet was incorporated in 1896, a part of the highway in the adjoining town of Colonie was brought within the city limits, and became Nineteenth street. Its condition at the time of the accident was substantially the same as when it was a town highway. It was one of the principal approaches to the city, but otherwise was substantially a country road.

At the place of the accident there was a gradual bend or curve in the road. The road followed the course of the creek, and was about 12 feet higher than the creek which flowed along its southerly side, and the slope from the road to the creek was grown up with bushes, weeds, and grass, and, within the recollection of the witnesses, the condition of this slope and the curve in the road had not changed. The road was from 22 to 24 feet wide. The traveled part was about 10 feet wide. The curve or bend in the road at its widest part extended the beaten track a foot and a half or two feet northerly from a straight line, so that if a team was traveling along the beaten track with the southerly wheel close to the embankment, and failed to turn with the beaten track, but continued in a straight line and went outside of the beaten track, that wheel would go over the embankment. Teamsters from time to time had thrown some pieces of brick on the northerly side of the road, so that horses with a loaded wagon could get a better foothold in ascending the grade. The southerly side of the beaten track was smooth and in good condition, and the beaten track came, as some of the witnesses say, within a foot and a half, and, as others say, within three feet, of the embankment. Pedestrians had made a footpath by walking between the beaten track and the southerly embankment. The plaintiff's brother-in-law, with whom he was driving along

the southerly side of the beaten track, went with the southerly wheel outside of the beaten track from 1½ to 3 feet, and the wheel went over the embankment. The wagon was turned over, and the plaintiff's leg broken, for which the jury have given him a verdict for $5,000. The night was dark, and, just before the wagon went off the road, they met a lady walking near the center of the beaten track. She saw them when about 50 feet away, and turned somewhat to the right to avoid the team, and immediately after the accident occurred. About 300 feet beyond the place of the accident, upon the northerly side of the road, was an electric light, which was easily seen by the plaintiff and his brother-in-law as they were approaching it.

The complaint and the plaintiff's case proceeded upon the theory that plainiff's injury was caused by an unguarded hole, depression, or washout in the southerly side of the highway, which extended into the beaten and ordinarily traveled part of the road, and thus rendered it dangerous and unsafe. Some of the witnesses speak of a depression, hole, or washout as existing at this place, extending from a foot and a half to three feet into the beaten track of the road, but their cross-examination and the photographs in evidence show clearly that there was no hole, washout, or depression in the traveled part of the road, but that the road itself was in good condition and repair, and that the witnesses were describing this gradual bend or curve in the road by which the traveled track is turned somewhat to the north. They probably had in mind that at some time to them unknown the creek below may have washed into this bank, and made the curve in the road at this place. It is clear that, if there is actionable negligence upon the part of the defendant, it is in not guarding this part of the road where the curve exists. That question is not now before us, as it has not been tried, and we express no opinion upon it.

The trial judge charged the jury that, in order to recover, the plaintiff must establish that there was a depression, hole, or washout in the highway which extended into the beaten and ordinarily traveled path, and that if the hole or washout did exist, but did not extend into the beaten and ordinarily traveled path, then the defendant is not liable. It is clear that there was no evidence which justified the submission of this question to the jury or which sustains a finding of the jury thereon. The jury have not passed upon the question whether it was negligent to permit this curve to remain unguarded, and the trial court has not passed upon the question whether a failure to guard the curve may be a basis for recovery. It is clear that, if there was a hole, depression, or washout extending into the traveled part of the road which caused the injury, the defendant would be liable therefor; but the evidence demonstrates clearly that no such condition existed. It appeared that there were other curves in the road, and it is a well-known fact that curves are found in many country roads. We cannot, therefore, say how the jury would have determined that question if it had been submitted to them. An adoption by the jury of the statement of some of the witnesses that there was a hole, washout, or depression at this place extending into the beaten path is not a determination that this natural curve in the road was such that the city was negligent in

not guarding it. The verdict of the jury, therefore, rests upon a clear misunderstanding of the evidence.

The judgment and order should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.